IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JILL THERESE HICKERT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-00425-DGK |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER REMANDING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Jill Therese Hickert's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. 42 U.S.C. § 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disc disease, osteoarthritis, anxiety disorder, and depressive disorder. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform work as an inserting machine operator, dessert cup machine feeder, and burr grinder.

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for disability insurance benefits on July 3, 2019, alleging a disability-onset date of January 1, 2018. The Commissioner denied the application at the initial

claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a telephone hearing on November 2, 2020, and on November 27, 2020, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 5, 2021, leaving the ALJ's decision as the Commissioner's final decision. Since Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill,* 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or

determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred at Step Four. Plaintiff claims, among other things, that the ALJ erred by failing to adopt certain limitations assessed by the state agency psychological consultants Dr. Marsha Toll, Psy.D., and Lisa Skolnick, Psy.D. ECF No. 11 at 21–23. Drs. Toll and Skolnick found that Plaintiff was moderately limited in understanding and remembering detailed instructions, but she could "understand, recall, and carry out simple and familiar instructions and procedures requiring brief learning periods." R. at 121, 144. The ALJ ultimately found that Plaintiff could "understand, remember, and carry out simple and routine tasks that may entail detailed but uninvolved instructions." R. at 14. Plaintiff argues that since the ALJ found Drs. Toll and Skolnick's opinions persuasive, she should have limited the RFC to simple—not detailed—instructions or explain why she was not adopting this limitation. Defendant counters that the RFC does not conflict with the state agency consultants' opinions regarding instructions and, even if it did, the ALJ properly explained away the conflict. ECF No. 16 at 11–12.

Because this claim was filed in 2019, the revised regulations apply to the arguments here. Under those regulations, an ALJ is not required to adopt or give any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a). But an ALJ must explain how persuasive she finds a medical opinion based on, at least, the supportability and consistency of that opinion with the record as a whole. *See* 20 C.F.R. § 404.1520c(b)(1)–(2). When an ALJ's assessment of

---

medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

medical sources directly conflicts with the claimant's RFC and the ALJ fails to explain that conflict, a limited remand may be appropriate for clarification if the error appears to have impacted the outcome. *See Neeley v. Berryhill*, No. 4:16-cv-00883-DGK, 2017 WL 4074614, at *3–4 (W.D. Mo. Sept. 14, 2017); *see also Stafford v. Kijikazi*, No. 4:20-cv-1011-NKL, 2022 WL 358061, at *3–4 (W.D. Mo. Feb. 7, 2022); *Masden v. Saul*, No. 4:20-cv-00267-MDH, 2021 WL 3172934, at *2–3 (W.D. Mo. July 27, 2021); *Shay v. Comm'r of Soc. Sec.*, No. 4:18-cv-00870-RK, 2020 WL 30326, at *2–3 (W.D. Mo. Jan. 2, 2020).

Here, the Court cannot find that substantial evidence supports the ALJ's assessment of the state agency consultants' opinions. The ALJ found the opinions of Drs. Toll and Skolnick "persuasive" since they were consistent with—and supported by—the record evidence as a whole. R. at 17. Those opinions limited Plaintiff to being able to understand and remember *simple* instructions. R. at 121, 144. This appears to conflict with the ALJ's assessment in the RFC that Plaintiff was able to understand and remember *detailed* instructions. R. at 14. And the ALJ did not explain why despite finding the opinions "persuasive" as well as supported by—and consistent with—the record, she did not limit Plaintiff to simple instructions. Unless this apparent error was harmless, this is problematic. *See Neeley*, 2017 WL 4074614, at *3–4.

The Court cannot find the error to be harmless on this record. Contrary to Defendants' argument, the ALJ's findings regarding Plaintiff's daily activities as well as a few somewhat benign clinical findings was used to discount the almost disabling limitations found by Dr. Mohammed Mirza, M.D., *not* the lesser limitations assessed by Drs. Toll or Skolnick. So without more explanation, the Court cannot presume that this evidence also supports excluding the limitation to simple instructions assessed by Drs. Toll and Skolnick. Moreover, the ALJ did not present the vocational expert with a hypothetical regarding limitations to simple or even "detailed

4

Case 4:21-cv-00425-DGK   Document 18   Filed 07/27/22   Page 4 of 5

but uninvolved" instructions, R. at 55–56, so the Court cannot definitively find that the difference in these limitations would have no impact on the disability determination. *See Gann v. Berryhill*, 864 F.3d 947, 952–53 (8th Cir. 2017).

In remanding for further clarification, the Court is not indicating what it believes the ultimate disability determination should be. That decision is reserved for the Commissioner. The Court is simply saying that the ALJ should provide a more thorough explanation of why it did not include certain limitations assessed in the opinions from Drs. Toll and Skolnick that the ALJ generally found "persuasive" as well as consistent with—and supported by—the record.

## Conclusion

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date: July 27, 2022                         /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT